IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC BLASKO,<br>       **Plaintiff** | :<br>:<br>: |
| VS. | :<br>: |
| UNUM LIFE INSURANCE COMPANY<br>OF AMERICA,<br>       **Defendant** | :<br>:<br>:<br>: |

## COMPLAINT

1. Plaintiff, Eric Blasko, is an adult individual residing at 1319 Linden Street, Bethlehem, Northampton County, Pennsylvania, 18018

2. Defendant, Unum Life Insurance Company of America, is an insurance company with offices 2211 Congress Street, Portland, Maine 04122.

3. This Honorable Court has jurisdiction over this matter pursuant to its federal question jurisdiction, codified at 28 U.S.C. § 1331, because this case arises under federal law, specifically the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C § 1001, et seq. as Plaintiff is seeking payment of short term disability benefits under a group long disability insurance plan under Plaintiff's policy with Defendant that was provided by his employer, Phillips Pet Food & Supplies.

4. At all relevant times, Plaintiff was a covered employee under a policy of insurance issued by Defendant for Short Term Disability Benefits listed as policy number 656288 002.

5. Plaintiff worked a job in a warehouse described as a picker which required him to lift weights frequently of up to 50 pounds or heavier.

6. As of July 3, 2017, Plaintiff's treating doctor took Plaintiff out of work for severe low back pain with right sided radicular pain and numbness. He was thereafter scheduled for urgent surgery described as a right sided L4/5 microdiscectomy which he underwent on July 7, 2017.

7. Plaintiff thereafter continued to be disabled and unable to perform the material and substantial duties of his regular occupation and was not working in any occupation

8. Plaintiff applied for disability benefits with Defendant and was notified by letter dated August 10, 2017, that Defendant's policy did not cover injuries resulting from occupational sickness or injury, and therefore Defendant denied his claim.

9. Plaintiff requested a reconsideration by letter dated August 16, 2017, and provided two notices of workers' compensation denials concerning two separate dates of injury that were filed with the Bureau of Workers' Compensation in accord with Pennsylvania law showing that he was not eligible for workers' compensation benefits under Pennsylvania law.

10. Pennsylvania has enacted a Workers' Compensation Law, 77 P.S. § 101 et seq. which provides a statutory framework for the adjudication of disputed work injuries, and in fact, is statutorily mandated as the exclusive remedy for an injured worker. 77 P.S. § 481.

11. Under Pennsylvania's workers' compensation law, an employer/workers' compensation insurance carrier can voluntarily accept an injury as being work related by filing a Notice of Compensation Payable, or, deny that a work related injury has occurred by filing a Notice of Workers' Compensation Denial.

12. Once a Notice of Workers' Compensation Denial is filed, the employer/insurance carrier is only liable for a work injury if the injured worker files a petition that will be

adjudicated by an administrative law judge in an adversarial proceeding and is found to be compensable under the Act.

13. Such an adversarial proceeding permits the employer and/or its insurer from having the individual examined by a physician and to give an opinion <u>inter alia</u> if the mechanism of injury fits the alleged injury, whether the injury or surgery can be ascribed to a degenerative or congenital condition, and assess the credibility of an injured worker's assertions.

14. Despite notice that Plaintiff was not receiving workers' compensation benefits, Defendant denied Plaintiff's request for reconsideration.

15. On October 12, 2017, Plaintiff filed an appeal to Defendant's continued denial of disability benefits.

16. Plaintiff indicated that in addition to the workers' compensation denials, the Employer's representative filled out Defendant's claim forms on July 14, 2017, and indicated that the disability was not work related.

17. Plaintiff further pointed out in his appeal that Section 319 of the Workers' Compensation Act, 77 P.S. § 671, provided Defendant a statutory right of subrogation to any workers' compensation benefits to which Plaintiff may become judicially entitled to in the future in a worker's compensation proceeding, and therefore Defendant's rights are protected if it pays benefits to Plaintiff, as Plaintiff would not be entitled to a double recovery if it was later judicially determined that his surgery was caused by work activity, and Defendant would be reimbursed by the workers' compensation carrier.

18. On November 6, 2017, Defendant denied Plaintiff's disability benefits because Defendant had determined independent of Pennsylvania's Workers' Compensation Act that

3

Plaintiff's disability was caused by work and therefore relied on the occupational injury exclusion in the policy.

19. In its denial Defendant did not rely on the opinion of its own physician's review of the medical evidence or address the employer/insurance company's contention that the injury is not work related.

20. Therefore, Plaintiff found himself in a situation where each insurance company was making a decision in its own pecuniary interests: Plaintiff was ineligible for workers' compensation benefits under Pennsylvania law because the workers' compensation insurance carrier had denied liability alleging the injury was not work related; and the short term disability insurance carrier had denied liability alleging that the injury was work related.

21. Neither Plaintiff nor Defendant can make an independent assessment irrespective of Pennsylvania's Workers' Compensation Law of whether an injury is work-related because that is the sole and exclusive province of the statutorily created workers' compensation adjudicative process and Pennsylvania law has created subrogation rights to protect entities such as Defendant from individuals such as Plaintiff making a double recovery under workers' compensation and short term disabilities policies.

22. Defendant's denial dated November 6, 2017, indicated that it was a final determination and that Plaintiff could bring a civil suit.

23. The evidence in Plaintiff's file, specifically the reports and medical records of Plaintiff's treating physicians supports Plaintiff's entitlement to disability benefits.

24. Plaintiff is therefore seeking past, present, and future disability benefits under the Short Term Disability policy with Defendant, together with interest of unpaid benefits, and for reasonable attorney's fees.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendant requiring Defendant to reinstate Plaintiff's Disability Benefits from the date of the denial, together with interest and reasonable attorney's fees.

                    Respectfully submitted,
                    ORLOSKI LAW FIRM

                    _____
                    Kevin L. Orloski
                    Attorney for Plaintiff
                    Attorney ID No. 90861
                    111 N. Cedar Crest Blvd.
                    Allentown, PA 18104
                    610-433-2363